**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMANDA LOU CAVALIERI, as Special Administrator of the ESTATE OF MICHAEL ANTHONY CAVALIERI and individually as the wife of Michael Anthony Cavalieri, deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; NAPHCARE; DIRECTOR LEROY KIRKEGARD; CAPT. WAYNE PECK; SGT. JOHN DOE, CORRECTIONAL OFFICER DOE, in their individual and official capacities; DOES I-X inclusive; and ROES I-X, inclusive,<br><br>        Defendants. | 2:11-cv-00351-ECR-PAL<br><br>**<u>Order</u>** |

   Now pending are a Motion for Judgment on the Pleadings (#19) filed by Defendant Las Vegas Metropolitan Police Department, Director Leroy Kirkegard, and Capt. Wayne Peck; and a Motion to Dismiss (#20) filed by Defendant Naphcare.

   The motions are ripe, and we now rule on them.

///
///
///
///

## I. Background

### A. Factual Background

The facts as alleged by Plaintiff are as follows. Plaintiff Amanda Lou Cavalieri ("Plaintiff") is Special Administrator of the Estate of Michael Anthony Cavalieri ("Michael Cavalieri"). (Am. Compl. ¶ 5 (#16).) Michael Cavalieri was a pre-trial detainee in custody of the Las Vegas Metropolitan Police Department ("LVMPD") at the time of his death. (Id.) LVMPD is a political subdivision of the State of Nevada. (Id. ¶ 6.) Defendant Director Leroy Kirkegard ("Director Kirkegard") was the director of the Clark County Detention Center ("CCDC") and a policymaker charged with care and custody of LVMPD's pre-trial detainees. (Id. ¶ 7.) Defendant Capt. Wayne Peck ("Capt. Peck") was a supervisor of the CCDC and the policymaker charged with care and custody of prisoners held at the CCDC. (Id. ¶ 8.) Naphcare is a corporation responsible for the safety and medical and psychiatric care of pre-trial detainees and prisoners at the CCDC. (Id. ¶ 11.)

At the time of his incarceration, Michael Cavalieri's medical records showed that he was suffering from a bipolar disorder, was off medications, and suffered from depression and anxiety. (Id. ¶ 13.) At a suicide consultation, Michael Cavalieri was emotional, teary-eyed, and stated that he hoped he was not suicidal. (Id. ¶ 14.) His head was down and he had minimal eye contact. (Id.) On February 21, 2009 Michael Cavalieri was placed in an observation cell because of the suicide consultation, with authorized suicide watch at fifteen minute intervals. (Id. ¶ 16.)

On February 22, 2009, Defendants interviewed Michael Cavalieri and concluded that he did not have suicidal ideations despite the notes from the prior suicide consultation. (Id. ¶ 17.) Plaintiff was moved to a single cell in general population. (Id. ¶ 18.)

On March 6, 2009, a correctional officer conducted a normal walkthrough and found Michael Cavalieri hanging from an air-conditioning vent. (Id. ¶ 19.) Plaintiff alleges that the correctional officers had been delinquent in performing normally scheduled walkthroughs. (Id.) Michael Cavalieri was transferred to University Medical Center and pronounced dead. (Id.)

**B. Procedural History**

On March 4, 2011, Plaintiff filed her complaint (#1) in this action. On May 26, 2011, Plaintiff filed an amended complaint (#16) stating claims for (1) violation of 42 U.S.C. § 1983 against all defendants; (2) violation of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act against LVMPD; (3) wrongful death against all defendants; (4) negligent training, supervision, and retention against LVMPD and Naphcare; and violation of 42 U.S.C. § 1983 against LVMPD.

On June 3, 2011, LVMPD, Director Kirkegard, and Capt. Peck filed a Motion for Judgment on the Pleadings (#19). On June 20, 2011, Plaintiff opposed (#22). On July 2, 2011, Defendants LVMPD, Director Kirkegard, and Capt. Peck filed a reply (#26).

On June 8, 2011, Defendant Naphcare filed a Motion to Dismiss (#20). On June 25, 2011, Plaintiff opposed (#24). On July 5, 2011, Naphcare filed its reply (#27).

3

1       On June 24, 2011, the Magistrate Judge granted (#25) a
2  Stipulation to Stay Discovery (#23) pending resolution of the Motion
3  to Dismiss (#20) and Motion for Judgment on the Pleadings (#19).
4
5                  **II. Judgment on the Pleadings Standard**
6       After the pleadings are closed but within such time as not to
7  delay the trial, any party may move for judgment on the pleadings.
8  FED. R. CIV. P. 12(c).  "A judgment on the pleadings is appropriate
9  when, even if all the allegations in the complaint are true, the
10 moving party is entitled to judgment as a matter of law."  Milne ex
11 rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir.
12 2005) (internal quotation marks omitted).  Courts have the
13 discretion to grant a Rule 12(c) motion with leave to amend and may
14 dismiss causes of action rather than grant judgment.  See Lonberg v.
15 City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).
16      The standard applied on a Rule 12(c) motion is similar to that
17 standard which is applied on Rule 12(b)(6) motions.  See Dworkin v.
18 Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  As
19 with Rule 12(b)(6) motions, review on a motion pursuant to Rule
20 12(c) is normally limited to the complaint itself.  See Lee v. City
21 of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  The Court should assume
22 the allegations in the complaint to be true and construe them in the
23 light most favorable to the plaintiff, and the movant must clearly
24 establish that no material issue of fact remains to be resolved.
25 McGlinchey v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).
26 Without more, "conclusory allegations . . . are insufficient" to
27 defeat a motion for judgment on the pleadings.  Id.
28

                                    4

1   If the district court relies on materials outside the pleadings
2 in making its ruling, it must treat the motion to dismiss as one for
3 summary judgment and give the non-moving party an opportunity to
4 respond.  FED. R. CIV. P. 12(d); see United States v. Ritchie, 342
5 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider
6 certain materials — documents attached to the complaint, documents
7 incorporated by reference in the complaint, or matters of judicial
8 notice — without converting the motion . . . into a motion for
9 summary judgment."  Ritchie, 342 F.3d at 908.  If documents are
10 physically attached to the complaint, then a court may consider them
11 if their "authenticity is not contested" and "the plaintiff's
12 complaint necessarily relies on them."  Lee, 250 F.3d at 688
13 (citation, internal quotations and ellipsis omitted).

### III. LVMPD, Kirkegard, and Peck's Motion for Judgment on the Pleadings (#19)

As a threshold matter, we deny Plaintiff's request that this motion be treated as a motion for summary judgment.  Plaintiff has not shown any basis on which to convert the motion into one for summary judgment.  Defendants' arguments are not based on external evidence, and the Motion (#19) shall be treated as a motion for judgment on the pleadings as presented.

**A. Plaintiff's First and Fifth Cause of Action for Violation of 42 U.S.C. § 1983**

1. Against LVMPD

LVMPD argues that Plaintiff's claim for violation of 42 U.S.C. § 1983 must be dismissed against it because LVMPD is not liable for

5

the conduct of its employees, and because Plaintiff has failed to state a claim of deliberate indifference against the LVMPD.

Entities cannot be liable for the conduct of their employees under the theory of respondeat superior. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694.  Instead, it is when "execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Id. Therefore, the first inquiry in a case alleging municipal liability under § 1983 is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Harris, 489 U.S. at 385.  "A municipal 'policy' must be a deliberate and conscious choice by a municipality's policy-maker." Rhyne v. Henderson Cnty., 973 F.2d 386, 392 (5th Cir. 1992) (citations omitted).

Plaintiff has not pled that any specific custom or policy of LVMPD caused the death of Michael Cavalieri.  Plaintiff merely pled that LVMPD was "aware that their officers were not walking their rounds as scheduled and that they left the decedent alone and did not check on him as required nor did the Defendant change the vents in question although they were aware that the air vents were a hazard based upon prior suicides." (Am. Compl. ¶ 25 (#16).)  These allegations appear to show that if anything, it was the failure of individuals rather than any custom or policy that is alleged to have led to Michael Cavalieri's death.  A city is not automatically

6

liable under § 1983 simply because one of its employees happened to apply a policy in an unconstitutional manner. <u>Harris</u>, 489 U.S. at 387.

"While the municipal policy-maker's failure to adopt a precaution can be the basis for § 1983 liability, such omission must amount to an intentional choice, not merely an unintentionally negligent oversight." <u>Rhyne</u>, 973 F.2d at 392. Plaintiff does plead that the practices of failure to provide basic need of personal safety, failure to train officers to provide for decedent's personal safety, failure to supervise officers, failure to monitor decedent, failure to provide medical care, failure to provide emergency intervention, failure to implement and monitor suicide prevention practices, failure to implement and monitor security practices led to Michael Cavalieri's death. The Supreme Court noted that an allegation that a training program was inadequate may be the basis of a § 1983 claim if in light of the duties assigned to certain employees the need for more or different training "is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." <u>Harris</u>, 489 U.S. at 390. However, Plaintiff's allegations are not specific enough to properly plead a § 1983 action against the LVMPD. Plaintiff has not pled that a specific omission or failure to adopt a certain policy was an intentional choice or rises to the level of deliberate indifference. Therefore, Plaintiff's first and fifth causes of action for § 1983 liability against LVMPD must be dismissed. Plaintiff shall be granted leave to amend to

7

properly plead a § 1983 claim.

2. Against Director Kirkegard and Capt. Peck

To establish personal liability in a § 1983 action against an individual such as Director Kirkegard or Capt. Peck, Plaintiff must show that "the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that caused the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). A person may also be liable by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 744.

Plaintiff alleges that the supervisory defendants, that is, Director Kirkegard and Capt. Peck, "were aware that Defendant Correction Officers were not trained or qualified to monitor inmates such as Plaintiff's decedent" and were "aware that their officers were not walking their rounds as scheduled." (Am. Compl. ¶¶ 26, 26 (#16).) A supervisory official cannot be held vicariously liable in a § 1983 action "for acts of lower officials in the absence of a state law imposing such liability." Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Furthermore, an official cannot be liable for deliberate indifference unless he or she knows of "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Simmons v. Navajo

8

1  Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Farmer v.
2  Brennan, 511 U.S. 825, 837 (1994)).  Plaintiff has not alleged any
3  specific acts of deliberate indifference by Director Kirkegard or
4  Capt. Peck, and therefore the first cause of action must be
5  dismissed against those defendants.  Plaintiff requests that she be
6  allowed to take depositions and conduct general discovery in order
7  to refute Defendants' allegations.  However, because the amended
8  complaint (#16) fails to state a proper claim under § 1983 against
9  Defendants, we decline to allow Plaintiff to proceed in this action
10 on deficient pleadings.  Plaintiff may amend to properly state
11 claims against these Defendants, but is cautioned to keep in mind
12 the level of deliberate indifference and responsibility required for
13 a § 1983 claim against supervisory officials.

**B. Plaintiff's Second Cause of Action for Violation of the ADA and § 504 of the Rehabilitation Act**

16      Plaintiff contends that Michael Cavalieri was a person with a
17 disability under the ADA and § 504 of the Rehabilitation Act due to
18 bipolar disorder and depression.  Specifically, Plaintiff contends
19 that LVMPD failed to make reasonable accommodations for Michael
20 Cavalieri's disability by denying him services and programs
21 available to others that could have protected him from suicide.
22      Title II of the ADA provides that "no qualified individual with
23 a disability shall, by reason of such disability, be excluded from
24 participation in or be denied the benefits of the services,
25 programs, or activities of a public entity, or be subjected to

9

discrimination by any such entity." 42 U.S.C. § 12132.[1]  Plaintiff has not provided specific factual allegations showing that the LVMPD discriminated against Michael Cavalieri on the basis of his depression and bipolar disorder.  "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)). Therefore, Plaintiff's second cause of action must be dismissed. Plaintiff may include this claim in an amended complaint, but should be mindful of the law governing ADA claims before including a frivolous and deficient claim without the requisite allegations.

**C. Plaintiff's Third and Fourth Causes of Action for Wrongful Death and Negligent Hiring, Retention, Training, and Supervision**

1. Notice Requirement for Tort Claims Against LVMPD

Defendants argue that Plaintiff's state law claims against LVMPD must be dismissed because Plaintiff failed to give notice within two years of accrual as required under Nev. Rev. Stat. § 31.036(2).  Nevada Revised Statute § 41.036(2) provides that a person with a tort claim against a political subdivision of the state "must file his claim within two years after the time the cause of action accrues with the governing body of that political subdivision."

Michael Cavalieri committed suicide on March 6, 2009.

---

[1] Because Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

10

Plaintiff filed this action on March 4, 2011.  Plaintiff served LVMPD on March 14, 2011.  The service of the Summons and Complaint was the earliest date that notice was given to LVMPD.  Plaintiff argues that despite the indisputably late notice, she substantially complied with the two-year notice requirement.  The cases Plaintiff cites for this argument do not support her position that giving notice outside of the two-year period constitutes substantial compliance.  Nor is the fact that Plaintiffs filed the action within the two-year period sufficient to constitute the notice required under Nev. Rev. Stat. § 41.036(2).  Pitti v. Albertsons, LLC, 2:11-cv-00280-RLH-GWF, 2011 WL 3419523, at *2 (D. Nev. August 2, 2011); Zaic v. Las Vegas Metro. Police Dept., 2:10-cv-01814-PMP-GWF, 2011 WL 884335, at *5 (D. Nev. Mar. 11, 2011).  Therefore, Plaintiff's third and fourth causes of action against LVMPD must be dismissed with prejudice.[2]

Defendants appear to argue that the same reasoning applies for Director Kirkegard and Capt. Peck.  Defendants have not shown that Nev. Rev. Stat. § 41.036(2) applies against defendants sued in their personal capacity.

2. Tort Claim Against Director Kirkegard and Capt. Peck

Defendants argue that governmental immunity protects these Defendants because Nev. Rev. Stat. § 41.032 grants immunity to employees of Nevada for actions stemming from the exercise of discretionary functions or the performance of discretionary duties.

---

[2] Furthermore, negligent training, supervision, or retention claims are generally barred by discretionary immunity.  Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000).  Plaintiff's fourth cause of action is also barred for that reason.

11

1  See also Butler *ex rel.* Biller v. Bayer, 168 P.3d 1055, 1066 (Nev.
2  2007) (correctional officers's acts are entitled to discretionary-
3  function immunity under Nev. Rev. Stat. § 41.032).  The two-part
4  test adopted by Nevada provides that actions fall within
5  discretionary-act immunity when they "(1) involve an element of
6  individual judgment or choice and (2) [are] based on considerations
7  of social, economic, or political policy." Martinez v. Maruszczak,
8  168 P.3d 720, 729 (Nev. 2007). We disagree that Defendants have
9  shown conclusively, at this stage in the litigation, that decisions
10 by the individual defendants were based on social, economic, or
11 political policy, and decline to apply 41.032 immunity to dismiss
12 the wrongful death claim against the individual defendants.
13      Defendants further argue that the wrongful death claim must be
14 dismissed against Director Kirkegard and Capt. Peck because
15 Plaintiff has failed to allege that Director Kirkegard or Capt. Peck
16 breached any duties.  While Plaintiff has failed to specifically
17 plead what duties Director Kirkegard or Capt. Peck owed to Michael
18 Cavalieri and how those duties were breached, Plaintiff shall be
19 granted leave to amend to properly plead this claim.
20
21                    **IV. Motion to Dismiss Standard**
22      A motion to dismiss under Federal Rule of Civil Procedure
23 12(b)(6) will only be granted if the complaint fails to "state a
24 claim to relief that is plausible on its face." Bell Atl. Corp. v.
25 Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129
26 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to
27 pleadings in "all civil actions").  On a motion to dismiss, except
28
                                   12

where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A

13

court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### V. Defendant Naphcare's Motion to Dismiss (#20)

Plaintiff brings claims for violation of 42 U.S.C. § 1983 and for wrongful death and negligent training, supervision, and retention against Defendant Naphcare.

**A. Statute of Limitations**

14

Defendant Naphcare argues that Plaintiff's claims must be dismissed against it because Nevada's medical malpractice statute provides a one-year statute of limitations from the date after a plaintiff discovers or should have discovered the injury. Plaintiff argues that the medical malpractice statute does not apply because she alleges claims for constitutional violations, not medical malpractice. Plaintiff claims deliberate indifference to serious medical needs in violation of the Fourteenth Amendment. In <u>Estelle v. Gamble</u>, the Supreme Court noted that medical malpractice "does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. 97, 106 (1976).

This District has noted that medical malpractice has a specific legal standard, and should be differentiated from civil rights claims brought pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to serious medical needs, negligent hiring, retention, training, and supervision. <u>Plonsky v. Las Vegas Metro. Police Dept.</u>, 2:11-cv-00026-RLH-PAL, 2011 WL 2680733 at *3 (D. Nev. July 8, 2011). We agree, and find that the one year statute of limitations found in N.R.S. § 41A.097 does not apply to claims for constitutional violations.

**B. Plaintiff's First Cause of Action for Violation of 42 U.S.C. § 1983 Against Naphcare**

Naphcare is a government contractor providing medical care for the inmates of the CCDC. In doing so, it acts under the color of state law and is subject to liabilty under § 1983. <u>Castillo v. Solano Cnty. Jail</u>, 2:08-cv-3080 GEB KJN P, 2011 WL 3584318, at *5 (E.D. Cal, Aug. 12, 2011); <u>Henry v. Naphcare, Inc.</u>, 2:10-cv-00790-

15

GMN-LRL, 2010 WL 3703721, at *3 (D. Nev. Sep. 13, 2010). As a government contractor and medical provider for the CCDC, Naphcare cannot be held responsible for the acts of its employees under a theory of respondeat superior. <u>Tapp v. Brazill</u>, No. 11-677, 2011 WL 6181215, at *4 (E.D. Pa. Dec. 13, 2011). Instead, Plaintiff must plead that a policy, practice, or custom of Naphcare caused the constitutional violation. <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 583-84 (3d. Cir. 2003); <u>Henry v. Naphcare</u>, 2010 WL 3703721, at *3; <u>cf.</u> <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 705 (11th Cir. 1985) (county is liable for any constitutional deprivations caused by the policies or customs of a contracted medical provider). Plaintiff has failed to plead that Naphcare's policy, practice, or customs resulted in the death of Michael Cavalieri. Nor are there allegations of deliberate indifference by Naphcare. In fact, Plaintiff wholly neglects to mention any acts by Naphcare in pleading her first cause of action. Therefore, Plaintiff's claim for § 1983 liability against Naphcare must be dismissed. Plaintiff shall be granted leave to amend to properly plead this claim against Naphcare.

**C. Plaintiff's Second and Third Causes of Action for State Law Violations Against Naphcare**

Nor has Plaintiff properly pled a wrongful death claim against Naphcare. Plaintiff simply does not allege any facts against Naphcare specifically, other than to state that Michael Cavalieri was "observed by Defendant Naphcare" as having his head down and making minimal eye contact. (Am. Compl. ¶ 14 (#16).) Plaintiff did not specify who interviewed Michael Cavalieri and "erroneously

16

concluded that the plaintiff did not have suicidal ideations." (Id. ¶ 17.)

Furthermore, with respect to the negligent training, supervision, and retention claim, Naphcare is entitled to discretionary immunity under Nev. Rev. Stat. ¶ 41.032 as a government contractor. Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000); Veley v. Las Vegas Metro. Police Dept., 2:11-cv-01284-RCJ, 2012 WL 607445, at *3 (D. Nev. Feb. 24, 2012). While Plaintiff shall be granted leave to amend, Plaintiff should be mindful of the discretionary immunity standard and include the claim only if she can show that Naphcare's actions fall outside of that standard.

### VI. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's first cause of action for violation of 42 U.S.C. § 1983 against all defendants is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's second cause of action for violation of the ADA against LVMPD is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's third cause of action for wrongful death against all defendants is dismissed with prejudice against LVMPD and dismissed without prejudice against the remaining Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's fourth cause of action for negligent training, supervision, and retention is dismissed with prejudice against LVMPD and dismissed without prejudice against

17

1  Naphcare.
2      **IT IS FURTHER ORDERED** that Plaintiff's fifth cause of action
3  for violation of 42 U.S.C. § 1983 against LVMPD is dismissed without
4  prejudice.
5      **IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21)
6  days within which to file an amended complaint in accordance with
7  our Order.
8
9  DATED: March 13, 2012.

_____
UNITED STATES DISTRICT JUDGE